## UNITED STATES *v*. GREENHUT *et al.*

*(District Court, D. Massachusetts. May 16, 1892.)*

**ILLEGAL TRUSTS AND MONOPOLIES—INDICTMENT.**

Act Cong. July 2, 1890, (26 St. p. 209,) "to protect trade and commerce against unlawful restraints and monopolies," provides, in section 2, that "every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons to monopolize, any part of the trade or commerce among the several states, or with foreign nations, shall be deemed guilty of a misdemeanor," etc. *Held*, that an indictment thereunder which fails to allege that defendants monopolized, or conspired to monopolize, trade and commerce among the several states, or with foreign nations, fails to state an offense, even though it does allege that they did certain acts with intent to monopolize the traffic in distilled spirits among the several states, and that they have destroyed free competition in such traffic in one of the states, and increased the price of distilled spirits therein.

At Law. Prosecution of Joseph B. Greenhut and others for violation of the law against monopolies. Indictment quashed.

*Frank D. Allen*, U. S. Atty.

*Elihu Root, Richard Olney, Simpson, Thacher & Barnum, Charles A. Prince*, and *Bordman Hall*, for defendants.

NELSON, District Judge. This is an indictment under the second section of the act of congress approved July 2, 1890, entitled "An act to protect trade and commerce against unlawful restraints and monopolies." 26 St. p. 209. The indictment sets forth that the defendants are the officers of the Distilling and Cattle Feeding Company, a corporation chartered by the laws of the state of Illinois, and having its principal place of business in Peoria, in that state; that, as such officers, they purchased or leased seventy-eight theretofore competing distilleries within the United States; and, within certain dates specified, used, managed, controlled, and operated said distilleries, and manufactured sixty-six million gallons of distilled spirits, and sold the product within the United States, part of it in the district of Massachusetts, at prices

fixed by them, the whole being seventy-five per cent. of all the distilled spirits manufactured and sold within the United States during the period; that all said acts (except the purchasing and leasing of the distilleries) were done with the intent to monopolize to the company the manufacture and sale of distilled spirits in Massachusetts, and among the several states, to increase the usual prices at which distilled spirits were sold, to prevent and counteract free competition in the sale of distilled spirits, and thereby to exact great sums of money from citizens of Massachusetts and of the several states, and from all others purchasing; that, in pursuance of such intent, the defendants, as such officers, agreed with D. T. Mills and Co. and other dealers in Massachusetts that, if such dealers would buy all their supplies of distilled spirits from the company for six months, the company would give them a rebate of two cents a gallon on their purchases; that by means of the rebate agreements and by their control of the distilleries, and of the manufacture, sale, and prices of seventy-five per cent. of all the distilled spirits manufactured and sold in the United States during the period named, the company, and the defendants as its officers, had made large sales of distilled spirits to D. T. Mills and Co. and other dealers in Massachusetts at prices fixed by the defendants in excess of the usual prices at which such spirits were then sold in that state, such spirits having been manufactured in other states, and transported therefrom into Massachusetts, and had unlawfully monopolized to said company the manufacture and sale of distilled spirits, and had increased the usual prices at which distilled spirits were then sold in Massachusetts, and had prevented and counteracted the effect of free competition in the price of spirits in Massachusetts, and had exacted and procured great sums of money in said district from D. T. Mills and Co. and others. To this indictment the defendant Greenhut filed a motion to quash, and the other defendants demurred, upon the ground that the indictment is insufficient in law, and does not charge any offense created by any statute of the United States.

The second section of the act is as follows:

"Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons to monopolize any part of the trade or commerce among the several states, or with foreign nations, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished by fine not exceeding five thousand dollars, or by imprisonment not exceeding one year, or by both said punishments, in the discretion of the court."

An indictment framed under this section should contain a distinct averment in the words of the statute, or in equivalent language, that, by means of the acts charged, the defendants had monopolized, or had combined or conspired to monopolize, trade and commerce among the several states or with foreign nations. This indictment contains no such averment. It does not charge that the defendants entered into any unlawful combination or conspiracy. Nor does it contain any averment that they had monopolized trade or commerce among the several states

or with foreign nations. It avers merely that by means of the acts alleged they had monopolized the manufacture and sale of distilled spirits, without stating that in so doing they had monopolized trade and commerce in distilled spirits among the several states or with foreign nations. It is true that the indictment charges that the defendants have done certain things with intent to monopolize the traffic in distilled spirits among the several states, and that they have increased the usual prices at which distilled spirits were sold in Massachusetts, and have prevented and counteracted the effect of free competition in such traffic in Massachusetts. But none of these things are singly made offenses by the statute. The indictment in this particular is clearly insufficient according to the elementary rules of criminal pleading, and charges no offense within the letter or spirit of the second section of the statute.

Other questions presented upon this indictment were argued by counsel, and among them the important questions whether the acts charged constitute an unlawful monopoly, within the meaning of the statute; and, if they do, whether congress has the constitutional authority to declare such acts to be unlawful and criminal, and whether the things charged against the defendants were not rather the doings of the corporation than of its officers. In regard to these questions it is only necessary to remark that they seem to be of such a character as to require that they should not be decided finally against the government by the trial court, but should be reserved for the determination of the appellate court, when presented upon an indictment not otherwise insufficient in law. Indictment quashed. Judgment for the defendants.